UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELIGIO AGUILAR JIMENEZ,

               Petitioner,

          v.

KEN GENALO, NY Director, Field Office, Enforcement and Removal Operations. U.S. Immigration and Customs Enforcement; TODD LYONS, Director, U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; and PAMELA BONDI, Attorney General of the United States,

               Respondents.

26-CV-1618

ORDER

---

RONNIE ABRAMS, United States District Judge:

On February 26, 2026, Petitioner Eligio Aguilar Jimenez, a Guatemalan national who entered the United States in 2019 without apprehension, but was subsequently arrested and released in 2025, was re-detained by U.S. Immigration and Customs Enforcement ("ICE"). *See* Dkt. No. 1 ("Pet.") ¶¶ 9, 17–18. On August 5, 2025, Petitioner was encountered by Niagara Falls Border Patrol Agents, served with a Notice to Appear and held for two weeks at the Dilley Immigration Processing Center in Dilley, Texas before being released on August 26, 2025 pursuant to an Order of Release on Recognizance. *Id.*; Dkt. No. 6 ("Gov. Opp'n"), Exs. 2 ("2025 I-213"); 3 ("NTA"); 4 ("Order of Release on Recognizance"). He was ordered to report to 26 Federal Plaza on February 26, 2026, when he was re-detained. Gov. Opp'n at 1–2.

On February 26, 2026, while Mr. Aguilar Jimenez was in this District, he filed a petition for a writ of habeas corpus seeking immediate release from custody. Pet. ¶ 18. On March 3, 2026, the Government filed its response, acknowledging that this Court's decision in *Rivera Esperanza v. Francis*, 2025 WL 3513983 (S.D.N.Y. Dec. 8, 2025) would "control the result in this case if the

Court adheres to that decision." Gov. Opp'n at 2.

The Court adheres to its prior ruling. The circumstances of Mr. Aguilar Jimenez's detention are similar to those considered by this Court in *Rivera Esperanza* in all relevant respects. In that case, the Court concluded that 8 U.S.C. § 1226(a) governed the petitioner's detention, rather than 8 U.S.C. § 1225(b)(2)(A), as the Government contended. *Rivera Esperanza*, 2025 WL 3513983, at *2–6. The Court also determined that, because the Government did not provide the petitioner any process before his arrest under Section 1226, it violated his right to due process. *Id.* at *7–8. Finally, the Court found that the petitioner was excused from exhausting his administrative remedies because "administrative appeal would be futile" and the petitioner "ha[d] raised a substantial constitutional question." *Id.* at *9 (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003), as amended (July 24, 2003)).

The Court reaches the same conclusions here: Mr. Aguilar Jimenez's arrest by ICE was governed by Section 1226(a), he was not afforded any process before his arrest, and he is excused from exhausting his administrative remedies. On this basis, and for the reasons stated in *Rivera Esperanza*, the Court thus grants the Petition and orders Mr. Aguilar Jimenez's release from custody within 24 hours of the date of this Order.

It is true that unlike in *Rivera Esperanza*, Mr. Aguilar Jimenez has been convicted of an infraction for driving while ability impaired. *See* Gov. Opp'n at 1; Gov. Opp'n, Ex. 1 ("RAP Sheet"). The existence of this infraction, however, does not alter the illegality of the Government's actions. To the extent the Government seeks to re-arrest or detain Mr. Aguilar Jimenez, it must do so in a manner consistent with the law, which here is set forth by 8 U.S.C. § 1226(a) and its concomitant procedures.

With respect to Mr. Aguilar Jimenez's application for an award of reasonable fees and

costs pursuant to the Equal Access to Justice Act ("EAJA"), he may submit such application pursuant to 5 U.S.C. § 504 and 28 U.S.C. § 2412 within thirty days of final judgment in this action. The Clerk of Court is hereby respectfully directed to terminate this case and any pending motions, and enter judgment for Petitioner.

For the reasons stated above, Mr. Aguilar Jimenez's Petition is granted. The Government is ordered to transport Mr. Aguilar Jimenez back to the Southern District of New York within 24 hours of the date of this Order, and immediately upon effectuating his transfer, release him from custody. It shall further certify compliance with the Court's order by promptly filing confirmation of his release on the docket. The Clerk of Court is hereby respectfully directed to terminate this case and any pending motions, and enter judgment for Petitioner.

SO ORDERED.

Dated:      March 6, 2026
            New York, New York

_____
Ronnie Abrams
United States District Judge